Martin, J.
delivered the opinion of the court. In this case, the plaintiff offered in evidence the depositions of John Carlisle and John M'Coy, of the state of Ohio, to prove the legal interest in that state, on promissory notes, (where no interest is expressed therein) which was objected to by the defendant. The district court, was of opinion that no interest was allowed at common law, more particularly where none was mentioned in the contract-that, therefore, it was presumable that interest was allowed in the state of Ohio by statute-that parol evidence of the statute could not be admitted, and rejected the evidence. To this opinion the plaintiff excepted, and there being judgment for him for the principal, without interest, he appealed.
The case stands before us on the bill of exceptions only.
We think the district court erred, in assuming it as a fact that interest cannot be allowed under the common law of the state of Ohio. The knowledge which the judges of the courts of the state of Louisiana have of the laws of their own *674 Sate, and of those of the United States, must direct their opinions and their conduct. The laws of other states must be proven before them, In every case in which it is proper they should influence their opinion. No country is believed to exist in which every tittle of the law is re duced to a text. The memories of the members of this court does not enable them to cite any country in which some of the law is not unwritten. We have no official means of information that may enable us to conclude that the people the state of Ohio are without unwritten law. We, therefore, conclude that the witnesses offered by the plaintiff ought to have been heard.
Suttton for the plaintiff, I. Baldwin for the defendant.
The judgment of the dstrict court is, therefore, annulled, avoided and reversed, and the cause is remanded for a new trial, with directions to the district court to hear the witnesses offered-and it is ordered, that the costs of this appeal be borne by the appellant.